STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 1626

ASSUMPTION PARISH POLICE JURY

VERSUS

TEXAS BRINE COMPANY, L.L.C. AND
OCCIDENTAL CHEMICAL CORPORATION

*CONSOLIDATED WITH*

NO. 2018 CA 1627

ASSUMPTION PARISH SHERIFF MIKE WAGUESPACK

VERSUS

TEXAS BRINE COMPANY, L.L.C. AND
OCCIDENTAL CHEMICAL CORPORATION

*CONSOLIDATED WITH*

NO. 2018 CA 1628

STATE OF LOUISIANA

VERSUS

TEXAS BRINE COMPANY, L.L.C. AND
OCCIDENTAL CHEMICAL CORPORATION

*Judgment Rendered:* **JUN 2 4 2020**

* * * * * * * *

Appealed from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Case Nos. 34386, 34389, 34391

The Honorable Thomas Kliebert, Jr., Judge Presiding

* * * * * * * *

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Jeffrey D. Kessler
New Orleans, Louisiana

Robert Ryland Percy, III
Gonzales, Louisiana

James E. Kuhn
Ponchatoula, Louisiana

Eric J. Mayer
Houston, Texas

Travis J. Turner
Gonzales, Louisiana

Dane S. Ciolino
Metairie, Louisiana

Theodore L. Jones
Baton Rouge, Louisiana

Counsel for Appellant
Texas Brine Company, L.L.C.

Joseph L. Shea, Jr.
Katherine Smith Baker
Ashley G. Gable
Joshua S. Chevallier
Shreveport, Louisiana

Counsel for Appellee
Reliance Petroleum Corporation

Matthew J. Randazzo, III
Christopher B. Bailey
Will Montz
Shawn A. Carter
Joshua S. Barnhill
Lafayette, Louisiana

Counsel for Appellees
Browning Oil Company, Inc.,
LORCA Corporation and Colorado
Crude Company

Erika L. Bright
Jeffrey L. Mills
Dallas, Texas

Franklin H. Spruiell, Jr.
Reid A. Jones
Seth M. Moyers
Shreveport, Louisiana

Counsel for Appellee
Sol Kirschner

\* \* \* \* \* \* \* \*

BEFORE: GUIDRY, THERIOT, AND PENZATO, JJ.

**THERIOT, J.**

This appeal is one of many arising from the Bayou Corne sinkhole that developed on August 3, 2012, following the collapse of a salt mine cavern connected with the operation of a brine production well known as the Oxy Geismer #3 by defendant/third-party plaintiff, Texas Brine Company, LLC ("Texas Brine"). Herein, Texas Brine challenges the district court judgment sustaining the peremptory exceptions of *res judicata* and collateral estoppel filed by Reliance Petroleum Corporation, LORCA Corporation, Colorado Crude Company, Sol Kirschner, and Browning Oil Company, Inc. (collectively, "the Oil and Gas Parties") and dismissing its claims against the Oil and Gas Parties with prejudice.

In response to the claims asserted against it in the Pipeline cases[1], Texas Brine filed nearly identical third-party demands against various parties therein, as well as in the instant litigation. Following the district court's summary dismissal of Texas Brine's third-party demands against the Oil & Gas Parties in the Pipeline cases, the Oil and Gas Parties filed separate, but identical, peremptory exceptions of *res judicata* and collateral estoppel in the underlying litigation. The district court sustained the Oil and Gas Parties' exceptions, issuing a signed judgment on April 10, 2018, ordering that "Texas Brine Company, LLC's claims against the Oil and Gas Parties in the above-captioned matter are **DISMISSED WITH PREJUDICE** on the basis of *res judicata* and collateral estoppel."

The same issues before us in the instant appeal were recently decided by this court in related appeals, *Marchand v. Texas Brine Company, LLC*, 2019-0052 (La.App. 1 Cir. 12/27/19), ___ So.3d ___, 2019 WL 7206880, and *Labarre v. Occidental Chemical Company*, 2019-0624 (La.App. 1 Cir. 2/19/20), 2020 WL

---

[1] The Pipeline cases were several of many arising from the 2012 sinkhole and include: *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, No. 34,202, 23rd Judicial District Court, Assumption Parish; *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, No. 34,265, 23rd Judicial District Court, Assumption Parish; and *Florida Gas Transmission Company v. Texas Brine Company, LLC*, No. 34,316, 23rd Judicial District Court, Assumption Parish.

3

813269. In *Marchand* and *Labarre*, this court affirmed similar judgments granting the Oil and Gas Parties' peremptory exceptions of *res judicata* and collateral estoppel. After a thorough review of the record, we find no material distinctions between the evidence and arguments asserted in this appeal and those presented in *Marchand* and *Labarre*. The exact same background, issues, and assignments of error raised by Texas Brine in this case have already been thoroughly discussed in *Marchand*, which we are bound to follow under the "law of the circuit doctrine," which requires us to follow our prior decisions. See *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0001, p. 2 (La.App. 1 Cir. 6/4/18), 253 So.3d 156 (Mem), writ denied, 2018-1124 (La. 9/28/18), 253 So.3d 147 (Mem). Moreover, the summary dismissal of Texas Brine's third-party demands against the Oil and Gas Parties in the related Pipeline cases, which formed the basis of the Oil and Gas Parties' *res judicata* and collateral estoppel objections, has been affirmed on appellate review.[2]

We issue this summary disposition in accordance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.2(A)(2), (4), and (6), and affirm the district court's April 10, 2018 judgment, sustaining the exceptions raising the objections of *res judicata* and collateral estoppel and dismissing, with prejudice, Texas Brine's third-party demands against Reliance Petroleum Corporation, LORCA

---

[2] See *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0606 (La.App. 1 Cir. 12/21/18), 268 So.3d 1058, writ denied, 2019-0526 (La. 6/17/19), 273 So.3d 1210 (Mem); *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, 2018-0749 (La.App. 1 Cir. 2/27/19), 2019 WL 969564 (unpublished); *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 2018-0549 (La.App. 1 Cir. 7/1/19), 2019 WL 2723560 (unpublished), writ denied, 2019-01227 (La. 10/15/19), 280 So.3d 611 (Mem); *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, 2018-1213 (La.App. 1 Cir. 7/11/19), 2019 WL 3049762 (unpublished), writ denied, 2019-01126 (La. 7/17/19), 277 So.3d 1180 (Mem); *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-1170 (La.App. 1 Cir. 11/15/19), ___ So.3d ___, 2019 WL 6044633 (Mem); *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 2018-1778 (La.App. 1 Cir. 12/27/19), ___ So.3d ___, 2019 WL 7206876 (Mem); *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0631 (La.App. 1 Cir. 7/3/19), 281 So.3d 1, writ denied, 2019-01423 (La. 11/12/19), 282 So.3d 224 (Mem); *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 2018-0842 (La.App. 1 Cir. 8/5/19), 2019 WL 3561807 (unpublished); *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, 2018-0900 (La.App. 1 Cir. 8/5/19), 2019 WL 3561759 (unpublished).

4

Corporation, Colorado Crude Company, Sol Kirschner, and Browning Oil Company, Inc. All costs of this appeal are assessed to Texas Brine Company, LLC.

**AFFIRMED.**